*LionKingzulu v. Jayne*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand eighteen.

**PRESENT:**
> **BARRINGTON D. PARKER,**
> **PETER W. HALL,**
> **RAYMOND J. LOHIER, JR.,**
> > *Circuit Judges*.

---

**Arkil LionKingzulu, AKA Arkil Johnson,**

> *Plaintiff-Appellant*,

> v.                                                                 **No. 16-3170**

**Paul Jayne, Corrections Officer, Jacob V. Miller, Jr., Corrections Officer, Bruce L. Herrick, Corrections Officer, John S. Marshall, Corrections Officer, in their individual and official capacities while in the employ of the New York State Department of Corrections and Community Supervision,**

> *Defendants-Appellees*.

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Arkil LionKingzulu, pro se, Dannemora, N.Y. |
| **FOR DEFENDANTS-APPELLEES:** | Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, Jonathan D. Hitsous, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, N.Y. |

1

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*; McCarthy, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Arkil LionKingzulu, proceeding pro se, appeals from a judgment in favor of prison officials in his 42 U.S.C. § 1983 suit claiming excessive use of force. LionKingzulu alleged that prison officials beat him while he was awaiting transport from Southport Correctional Facility ("Southport") to Wende Correctional Facility ("Wende") for a civil trial. The incident allegedly occurred on November 26, 2010. On January 3, 2011, LionKingzulu, who was then housed at Upstate Correctional Facility ("Upstate"), mailed a grievance concerning the incident to Southport. It was returned because grievances must be filed at the facility where an inmate is housed. On January 18, 2011, he filed a grievance at Upstate, which was returned as untimely. Appellees moved for summary judgment, arguing that LionKingzulu had failed to exhaust his administrative remedies. He responded by submitting an unsworn affidavit alleging that he had filed a timely grievance while at Wende, but received no response. The district court granted summary judgment in favor of Appellees, ruling that LionKingzulu had failed to exhaust. This appeal follows. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of summary judgment. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam). Summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [§] 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA requires "proper exhaustion," meaning exhaustion in "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). However, the administrative remedies must be "available." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). An administrative remedy is unavailable when (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) it is "so opaque that it becomes, practically speaking, incapable of use"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Williams v. Priatno*, 829 F.3d 118, 123–24 (2d Cir. 2016) (quoting *Ross*, 136 S. Ct. at 1859–60).

New York's Department of Corrections and Community Supervision (DOCCS) administrative scheme unambiguously requires that an inmate file his grievance "within 21 calendar days of an alleged occurrence" and that the grievance "may only be filed at the facility where the inmate is housed even if it pertains to another facility." N.Y. Comp. Codes R. & Regs. (NYCRR) tit. 7, § 701.5(a). The scheme further provides for a mitigating-circumstances exception to the time limit, but notes that "[a]n exception to the time limit may not be granted if the request was made more than 45 days after an alleged occurrence." *Id.* § 701.6(g)(1)(i)(*a*).

The incident in question here occurred on November 26, 2010 at the Southport facility. LionKingzulu thus had until December 17, 2010, to file his grievance or until January 10, 2011, to request a mitigating-circumstances exception. His first grievance was mailed to Southport on January 3, 2011, and was thus within the mitigating-circumstances deadline, but was filed at the

3

wrong facility because he was housed at Upstate at the time and was required to file the grievance there. *See id.* § 701.5(a). His subsequent January 18, 2011 grievance was filed at the correct facility, Upstate, but was outside the time period in which to seek an extension. *See id.* § 701.6(g)(1)(i)(*a*). Consequently, LionKingzulu failed to "properly" exhaust his claim. *See Woodford*, 548 U.S. at 90.

A review of the record does not disclose that these remedies were functionally "unavailable" under the *Williams* availability analysis. 829 F.3d at 123–24. The provisions to timely file a grievance at the facility in which a prisoner is currently housed are far from opaque, and although LionKingzulu asserted that Southport officials conspired to prevent him access to his legal materials, that deprivation lasted only five days. He did file a grievance (albeit at the wrong facility) within the time to seek an extension, and therefore, he cannot show that New York's administrative scheme results in a "dead end" or "endless loop" under the *Williams* analysis. *See id.*

LionKingzulu's allegation that he filed a timely grievance while at Wende but the grievance was not processed or accepted, on the other hand, presents a stronger argument that remedies were unavailable. *See id.* However, we conclude that this belated allegation was insufficient to defeat summary judgment. "[F]actual allegations that might otherwise defeat a motion for summary judgment will not be permitted to do so when they are made for the first time in the plaintiff's affidavit opposing summary judgment and that affidavit contradicts [his] own prior deposition testimony." *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001). LionKingzulu testified that he mailed his "original grievance" to Southport on January 3, 2011. Nowhere in the record, prior to his affidavit in opposition to summary judgment, is there any reference to his having timely filed a grievance at Wende. Further, the very grievance he

4

references was addressed to Southport, not Wende. Accordingly, "no reasonable juror would undertake the suspension of disbelief necessary to credit" his belated, self-serving allegation and the district court thus properly granted Appellees summary judgment. *See Jeffreys v. City of New York*, 426 F.3d 549, 555 (2d Cir. 2005) (internal quotation marks and alteration omitted).

We have considered LionKingzulu's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5